80,329-02

Abel Acosta, Clerk                           27 January 2015

Court of Criminal Appeals

P.O. Box 12308

Capitol Station

Austin, Texas  78711

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

**JAN 29 2015**

**Abel Acosta, Clerk**

Cause No. _____  WHC (2)

Style:  Billy Joe Harris  v.  The State of Texas

Attn: Cause No. WR-80,329-02

"dismissed" 12/17/2014 (non-compliance)

Ref. Official Notice from (C.O.C.A)

from 24th District Court of Jackson County, Texas

Trial Court No. 11-1-8527-A

Re: Requesting file mark and attatchment, for WHC (2) Applicant's Pro-Se

Motion For Leave To File Request To Exceed The Prescribed Page Limits

Dear Mr. Acosta, Clerk

Please find enclosed for filing and attatchment accordingly to Applicants State writ of habeas corpus w/supporting memorandum of law.  Tex. C.C.P Art. 11.07 and/or filing in accordance with your discretion, based upon-- the above cause WR-80,329-02 was dismissed for non-compliance--

On or about the 15 day of January, 2015 Applicant Harris re-submitted his WHC (2) to the 24th district court clerk requesting file mark said application was submitted with an amended / supplemended supporting memorandum of law. An original copy of this Applicant's Pro-Se Motion For Leave To File Request To Exceed The Prescribed Page Limits was forwarded to the 24th district court clerk, requesting file.mark as well.  See: Attatched Motion herein

Mr. Acosta, you may find that said motion is titled for the Court of Criminal Appeals of Texas,,. as it is currently unclear to the Applicant whether the trial court made a ruling on said motion for attatchment or not.

Therefore at a point in time when the 24th district clerk, forwards the Applicant's amended/supplemented application with supporting memorandum-- a copy of this motion should be attatched for courts considerations.

It has been further set forth as an **EXTRAORDINARY MATTER Rule 72** Ref. Ground Four: and Ground Six: for in-event the 24th dist. Ct. fails to make a favorable ruling, the motion is before the Court of Criminal Appeals of Texas

ORIGINAL                      1 of 2                          COPY

Re: Requesting file mark / attatchment (Cont.

Petitioner submits it is imperative by and for the interest of justice that Applicant's Motion For Leave To File Request To Exceed The Prescribed Page Limits, **may/can be GRANTED accordingly...**

In any event, Ref. Ground Four: & Ground Six: Petitioner has preserved this matter within his [28 U.S.C. §2254] filed on about the 15th day of January, 2015 Application sent to District Clerk's Office Lana Tesch, Deputy-In-Charge Martin Luther King Jr. Federal Bldg. 312 S. Main St. Rm. 406 P.O. Box 1638 Victoria, Texas 77902-1638 Attatched / Motion For Leave Request For Stay In Abeyance.

Petitioner submits he has preserved this matter on the basis for this motion of January 15, 2015 to be denied or not ruled upon will thereby create a manifest, and a miscarriage of justice.

Petitioner, is returning to state court, to properly exhaust state remidies, he has amended/supplemented his memorandum in compliance with Tex. R. App. P. Rule 73.1 accordingly. sent to dist. clerk 24th dist. 1/15/2015

It is unclear whether the 24th dist. clerk has forwarded the documents for the Court of Criminal Appeals review, on the merits.

Finally, Petitioner will submit the request for this attatchment is not unreasonable when considering the case, is commonly referred to as the "Collective Twilight Series", in addition there are a mountainous volumes of Clerk's / Reporter's Record's.

Sincerly,

_____ Pro-Se

Billy Joe Harris, # 01740160
Wynne Unit
810 F.M. 2821
Huntsville, Texas
77349

Thank-You, in advance for your time and assistance with this matter.

Robbie L. Loftin, # 1532468
Wynne Unit
[Petitioner for Applicant]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

District Clerk's Office
Lana Tesch, Deputy-In-Charge
Martin Luther King Jr. Federal Bldg.
312 S. Main St. Rm. 406
P.O. Box 1638
Victoria, TX 77902-1638

Re: Requesting for January 15, 2015 Applicant's Pro-Se Motion For Leave To
    File Request To Exceed The Prescribed Page Limits

    attatchment requested--

Dear Ms. Tesch, Deputy-In-Charge

   Please be advised that the enclosed aforementioned titled motion was a

document that accompanied the petitioner Harris' (state) WHC (2) which was

sent to the 24th Distict Court, On or about the 15, day of January, 2015

   Petitioner, is requesting for said document to be acknowledged by the Court

attatched, to his 28 U.S.C. §2254 and or filed accordingly with the clerical

procedures, for handleling, such matters as you may deem appropriate.

   Petitioner is currently unable to provide any cause number, from the

24th District Clerk, for his WHC (2) w/supporting memorandum--

   A procedural error occured, dismissing the Petitioner's WHC (1) WR-80,329-02

12/17/2014 By Court of Criminal Appeals of Texas. for non-compliance of exceed-

the prescribed page limits, this is/was a subsequent request for filing, an

additional request, for 15 pages

                                        Sincerly,

                                                                    Pro-Se

                                        Billy Joe Harris, # 1740160
                                        Wynne Unit
                                        810 F.M. 2821
                                        Huntsville, Texas
                                                77349

ORIGINAL                  1 of 1           U.S. Dist. Clk.        COPY

Sharon Mathis, Clerk             15 January 2015

24th Judicial District

Jackson County Courthouse

115 W. Main St. Rm. 101

Edna, Texas 77957

Re: Request file-mark, Applicant's Pro-Se Motion For Leave To File Request To Exceed The Prescribed Page Limits

Style: Billy Joe Harris v. The State of Texas

WHC (2) No. _____ Trial Court No. 11-1-8527 / 11-1-8527-A
                                             (C.O.C.A) WR-80,329-02
                                             "dismissed for non-comp-

Dear, Ms. Mathis, Clerk                               liance R. 72.1 12/17/2014

    Please find enclosed for filing Applicant Harris' Pro-Se Motion For Leave To File Request To Exceed The Prescribed Page Limits Tex. R. App. P. Rule 72.1

    Petitioner is presenting, said motion as a **RULE 72 EXTRAORDINARY MATTER** requesting, file-mark and presentation to the 24th District Court, for conside-rations, that said motion may/can accompany the Applicant's §11.07 w/supporting memorandum of law, at a point in time, when the writ of habeas corpus is sent to the Court of Criminal Appeals of Texas. Respectfully, GRANT ANd/or DENY

    This is a subsequent Motion, as Applicant's Motion For Leave To File Request To Exceed The Page Limit, of July 4, 2014 was not ruled upon by the trial court. which resulted in dismissal of the proceeding. For the sake of any argument,,,

    Petitioner has since corrected the non-compliance issue, submitting his subsequent writ of habeas corpus, w/supporting memorandum in compliance with applicable rules of court. R. 73.1(d) However,,,

    An additional fifteen (15) pages, is being requested, may you find the pages, attatched to this motion, Ref. GROUND FOUR Pg.s [-51-] thru [-65-]
                                           &   GROUND SIX

    For purposes of reference, [BRACKETS] indicated throughout the memorandum indicate, the corresponding page numbers, with the additional attatchment of the requested (15) pages, and Page numbers, are listed excluding the requested 15 Page attatchments.

THANK-YOU, FOR YOUR TIME AND ASSISTANCE WITH THIS, MATTER...

Sincerly,            Pro-Se

BILLY Joe Harris, #0740160
Wynne Unit # 810 F.M. 2821
Huntsville, Texas 77349

ORIGINAL                               I                           COPY

WHC (2) No._____

Billy Joe Harris, §          Court of Criminal Appeals
(Applicant)
                    §          of Texas
V.
                    §          Capitol Station - Austin Texas
The State of Texas,
(Respondent)        §          * *.*

                    §          24th Judicial District Court
                    §          of Jackson County, Texas

To The Honorable Justice's of said,
Court's--

COMES NOW, Billy Joe Harris, T.D.C.J - CID No. 01740160 Applicant Pro-Se

herein to present:

## MOTION FOR LEAVE TO FILE REQUEST
## TO EXCEED THE PRESCRIBED PAGE LIMITS

### I. JURISDICTION

The trial court has general subject matter jurisdiction, pursuant to Tex.

C.C.P Art. 11.07 Sec. 3 whereas, Art. V Sec. 5 of The Texas Constitution as

implemented by Art. 4.04(2) of Tex. C.C.P gives The Court of Criminal Appeals

of Texas authority to review.

### II. STATEMENT OF THE CASE

Briefly,

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

12/17/2014
HARRIS, BILLY JOE      Tr. Ct. No. 11-1-8527-A                    WR-80,329-02
The Court has dismissed your application for writ of habeas corpus without wri-
tten order for non-compliance with Texas Rules of Appellate Procedure 73.1
Specifically, the applicant has filed a non-computer generated memorandum that
exceeds 50 pages in length and the trial court has not granted leave to exceed
the prescribed limit.                              Abel Acosta, Clerk

Re-Creation,              BILLY JOE HARRIS
via typewritter           WYNNE UNIT - TDC #1740160
In Re Chavez,             HUNTSVILLE, TX 77349
62 S.W. 3d 225
(Tex.App.Amarillo 2001)

On July 4, 2014 Petitioner filed a Motion for Leave To File Request To Exceed

The Prescribed Page Limits, to move the 24th District Court to rule accordingly.

Clearly, stating the reasoning for dismissal of cause, as the trial court has

not granted leave to exceed the prescribed limits,,,(Official Notice)

ORIGINAL                          -1-                              COPY

Whether, the trial court failed to make a ruling on Petitioner's motion of July 4, 2014, and/or said motion may/can be considered to have been denied by operation of law, In any event, this matter for the sake of argument, is not contested, by the Petitioner / Applicant thus irrelevant to this subsequent Motion For Leave To File Request to Exceed The Prescribed Page Limit, Peitioner is presenting said motion as an **RULE 72 EXTRAORDINARY MATTER,** [because] an additional fifteen (15) pages is being requested for the due-course-of-law, presentation of GROUND FOUR, see: memorandum at Pg. -47- therein and at Pg. -49, and -50- GROUND SIX Petitioner submits it is through due diligence that a subsequent §11.07 w/supporting memorandum of law, has been sent to 24th District Clerk, request for file mark on or about the 15, day of January, 2015 In addition, Petitioner submits said memorandum is in compliance with Tex. R. App. P. Rule 73.1 (f) Ref. Pg. -53- of (memorandum) verification currently approximately word estimate, is 11,250 words,,, considering a favorable ruling on this motion and attatchments made accordingly, said word count with the additional 15 pages will be approxiamately 14,626. Considerably under the 15,000 Maximum Pg. limit.

Further, Petitioner is proceeding in Pro-Se capacity, and has no access due to current incarceration to file any computer generated documents.

Additional facts, for consideration are: The present case is commonly referred to as the collective twilight series, there are an undisputed mountainous volumes of clerks / reporter's record's Volume 1 of 19 Volumes, and an additional Volume 1 of 23 Volumes, of the subsequent Leon/Walker county proceeding Waiver of Jury Trial-- Cause No. CM-11-50. Petitioner has made significant reductions, in pages to come into compliance with the applicable rules of court.

Petitioner, submits an additional page request of fifteen (15) pages in opinion for the due-course-of-law, is not unreasonable, considering the complex nature of the case.

An application for habeas corpus relief is a filing that seeks, "an ajudi-cation on the merits of the applicants claims". See: Texas Vernon's Ann. Code of Criminal Procedure, Tex. C.C.P Art. 11.07 / (28 U.S.C. §2254) respectfully. citing Woodford v. Garceau, 538 U.S. 202, 207 123 S.Ct. 1398, 155 L.Ed 2d 263 Petitioner submits GROUND FOUR, has a significant possibility, for relief on the merits, it is attatched herein,,, the presentation, argument, and conclusion is precisely (15) pages total,, said ground has been modified, for petitioner's diligence to be in compliance.

## CONCLUSION

A favorable, considerations to GRANT this additional request for the (15) pages, will thereby assure and afford the applicants U.S. CONST. 14th AMEND. as well as rights under Art. 1 Sec. 10 Texas State Constitution, due-process the right to be heard, in regards to the presentation of GROUND FOUR, on the merits.

## PRAYER

WHEREFORE, PREMISES, CONSIDERED-- Petitioner / Applicant prays the Honora-ble Court's give consideration to the pleading hereing, thereby granting said request, attatching pages, -51- thru -65- to the memorandum accordingly. For what is just and in fair play...

Petitioner / Applicant's Motion For Leave To File Request To Exceed The Prescribed Page Limits, is hereby:

Respectfully submitted,

DATED ON THIS THE 15, DAY OF January, 2015                    Pro-Se

Billy Joe Harris, # 01740160
Wynne Unit
810 F.M. 2821
Huntsville, Texas
                                    77349

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I, Billy Joe Harris, No. 01740160 certify that I am currently incarcerated in the Texas Department of Criminal Justice Institutional Division, John M. Wynne Unit 810 F.M. 2821 Huntsville, Texas 77349 located in Walker County, declare under penalty of perfury that the foregoing is true and correct to the best of my knowledge.

EXECUTED ON THIS THE 15 DAY OF January, 2015

Pro-Se

Billy Joe Harris, # 01740160

Wynne Unit

ORIGINAL        -4-        COPY

WHC (2) No. _____

Billy Joe Harris,　　　　　　§　　　　Court of Criminal Appeals
(Applicant)
　　　　　　　　　　　　　　§　　　　　of Texas
v.
　　　　　　　　　　　　　　　　　　Capitol Station - Austin, Texas
The State of Texas,　　　　§　　　　　　　* * *
(Respondent)
　　　　　　　　　　　　　　§　　　　24th Judicial District Court
Honorable: Justice's　　　　　　　　of Jackson County, Texas

PROPOSED ORDER

On the ___ day of _____ 2015. Came befor the Court's Petitioner /

Applicant's Pro-Se, Motion For Leave To File Request To Exceed The Prescribed

Page Limits,

The Court acknowledges, Applicants WHC (2) has been promply file-marked by

24th District Clerk On the ___ day of _____ 2015. w/supporting memorandum

of law in compliance with Tex. R. App. P. Rule 72.1 / Rule 73.1(f).

It is after review of petitioner's pleadings therein, opposing arguments

from the prosecution for the State, If Any ?

The Court is of the opinion, and by and for the Interest Of Justice,

Petitioner / Applicant's request to exceed the prescribed page limit, by an

an additional fiveteen (15) pages is hereby:

GRANTED　and/or　DENIED

It is so ORDERED: 　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　presiding
　　　　　　　　　　　　　　　　　　　24th Judicial District Court


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Court of Criminal Appeals of Texas
　　　　　　　　　　　　　　　　　　　　　　　　　　　Justice

ORIGINAL　　　　　　　　　　　　　-5-　　　　　　　　　　　　COPY

## ARGUMENTS AND AUTHORITIES

GROUND FOUR: Applicant / Defendant Harris' was subjected to a wrongful pro-process; / wrongful process of law.

Black's Law Dictionary- [defines], Abuse of Process, the improper and tortious use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope-

Also termed- Abuse of legal Process, Malicious Abuse of Process, Malicious Abuse of Legal Process, Wrongful Process, Wrongful Process of Law.

"One who uses a legal process, whether criminal or civil against another primarily to accomplish a purpose for which it is not designed is subject to liability to the other for harm caused by the Abuse of Process"

Applicable Law

Texas Code of Criminal Procedure, Art. 11.073: Procedure related to Certain Scientific Evidence. (Enacted by Acts 2013, 83rd Leg., ch. 410 (S.B. 344), §1, effective September 2013 (Whitmire) (See: APPENDIX X EXHIBIT'S "J","K", "L") (Duplicate Copy, of C.C.P Art. 11.073 for Ref. at Pg. -53-

Issue in Dispute

Prosecution for the State, Criminal District Attorney Robert E. Bell's non-disclosure of Brady, material (1) FBI profile report, titled Criminal Investigative Analysis February 26, 2010 (2) FBI report, titled Crime Analysis Report (ViCAP) Violent Criminal Aprehension Program.

It is axiomatic that the State has an affirmative duty to make available to an accused, in a timely manner, exculpatory evidence which is in its possession. Brady V. Maryland, 373 U.S. 83, 83 S.CT. 1194, 10 L.Ed.2d 215 (1963); Ex Parte Mitchell, 977 S.W. 2d 575 (Tex. Crim. App. 1997)

Brady has been extended to include the required revelation to an accused of material exculpatory evidence in the possession to police agencies and other parts of the "prosecutorial team." Kyles V. Whitney, 514 U.S. 419, 115 S.CT.;___

ORIGINAL                    [-51-]                    COPY

## ARGUMENTS AND AUTHORITIES

Issue in Dispute, (Cont.

1555, 131 L.Ed.2d 490 (1995); Mitchell.

Failure Violates Due Process,     The Supreme Court, in Brady, held that "suppression by the prosecution .... violated due process .... irrespective of the good faith or bad faith or the prosecution." Ex Parte Mitchell, 977 S.W.; 2d 575 (Tex. Crim. App. 1997)   Factual Basis

Petitioner, Incorporates by Reference 424 S.W. 3d 599, Billy Joe Harris, Appellant V. The State of Texas, Appellee fully herein for any and all purposes. ( Memorandum Ref. "Battle Of The Experts", Pgs. 18 - 26 )

State Expert Psychologist Robert Christopher Barden, Pg. 6,7 Para 2
(Harris V. State,)
Dr. Barden's theory is that (DID) Dissociative Identity Disorder, and (MPD) Multiple Personality Disorder is junk science' / acknowledging that said disorders are a highly controversial part to the psychiatric / psychological world.

Holding: The Court of Appeals, Thirteenth District of Texas Corpus Christi-Edinburg, Justice: Rodriquez, J., held that defendant failed to show reliability of testimony of defense expert concerning dissociative identity disorder (DID), as proffered in support ot insanity defense.

The trial court excluded Dr. Ross' testimony in its entirety, and limited Dr. Quijano's testimony concerning DID. As the anaylisis regarding the reliability of Dr. Ross's testimony applied equally to the excluded testimony of Dr. Quijano'.
Re Creation via typewritter, In Re Chavez,
Petitioner submits, relevant testimony from Attorney at Law, Alan Cohen' is presented/set-forth within Demostrative Reporter's Records [Outside the Jackson County Record], See: Reyes V. State, 849 S.W. 2d 812,816 (1993) Also See: Holden V. State, 201 S.W. 3d 761,763 (2006) Reporter's Record's Volume 2.B of 23 Volumes Pre-Trial Hearing Pg.s 1,2,18,22,23,24,25,& 26 Reporter's Record's Volume 2.C of 23 Volumes Pre-Trial Hearing Pg.s 1,8, & 9.

This update to State Habeas Corpus, Article 11.073 was from:——

Senate Bill 344, Acts 2013, 83rd Leg., ch.410

CODE OF CRIMINAL PROCEDURE

CHAPTER 11

HABEAS CORPUS

Art. 11.073. Procedure Related to Certain Scientific Evidence.

(a) This article applies to relevant scientific evidence that:

(1) was not availiable to be offered by a convicted person at the convicted person's trial; or

(2) contradicts scientific evidence relied on by the state at trial.

(b) A court may grant a convicted person relief on an application for a writ of habeas corpus if:

(1) the convicted person files an application, in the manner provided by Article 11.07, 11.071, or 11.072, containing specific facts indicating that:

(A) relevant scientific evidence is currently availiable and was not availiable at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial: and

(B) the scientific evidence would be admissible under the Texas Rules of Evidence at a trial held on the date of the application; and

(2) the court makes the findings described by Subsections (1)(A) and (B) and also finds that, had the scientific evidence been presented at trial, on the preponderance of the evidence the person would not have been convicted.

(c) For purposes of Section 4(a)(1), Article 11.07, Section 5(a)(1),Article 11.071 and Section 9(a), Article 11.072, a claim or issue could not have been presented previously in an original application or in a previously considered application if the claim or issue is based on relevant scientific evidence that was not ascertainable through the exercise of reasonable diligence by the convicted person on or before the date the original application or a previously considered application, as applicable was filed.

(d) In making a finding as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before a specific date, the court shall consider whether the scientific knowledge or method on which the relevant scientific evidence is based has changed since:

(1) the applicable trial date or dates, for a determination made with respect to an original application; or

(2) the date on which the original application or a previously considered application, as applicable, was filed, for a determination made with respect to a subsequent application.

(Enacted by Acts 2013, 83rd Leg., ch. 410 (S.B. 344), § 1, effective September1 2013)

Re Creation via typewriter, In Re Chavez, 62 S.W. 3d 225 (Tex.App.Amarillo2001)

## ARGUMENTS AND AUTHORITIES

Petitioner submits, that the Jackson County Reporter's Record Volume 2 of 35 Volumes  Hearing On Pre-Trial Motions May 25, 2011 at Pg. 24 reflects the following:  Re Creation Via, Typewritter In Re <u>Chavez</u>,

Line 1   "***"

(MR. Bell)

The case law is pretty clear that a request for all exculpatory evidence is too broad.  The cases, Feehery V. State, 480 S.W. 2d 649, if you'll give me just one second, Your Honor.  I don't have that case with me.  But it says it's too broad.  But I will represent to the Court I don't know of any exculpatory evidence at this point.  If I run across any in my files or as I prepare for trial, I will make it available, but I don't want to be ordered under this broad of a deal.  I understand Brady's requirements and they're very specific.

THE COURT:  My Order will be that you need to observe the Brady, the requirements to produce Brady information as it becomes known to you.

MR. COHEN:  That would be satisfactory to us.

MR. BELL:  No problem, Your Honor.

Line 16 - 25   "***"

Petitioner submits, in regards to Line 6-8 as reflected above, Crim. Dist. Atty. Bell' Line 6 " I don't know of any  Line 7  exculpatory evidence at this point.  If I run across any in my  Line 8  files or as I prepare for Line 8 (Cont. I will make it availiable."

"Fact",  The above Hearing On Pretrial Motions, is May 25, 2011

"Fact",  U.S. Department of Justice / Federal Bureau of Investigation Criminal Investigative Analysis, is February 26, 2010.

## ARGUMENTS AND AUTHORITIES

Probative Matter and the Law of Evidence

If something is "probative," it tends to prove something. The term "provative matter," refers to those evidentiary items which have the ability to prove, or the effect of proving, desired facts.

However, the assessment of the effect of non-disclosure must take into account the "cumulative effect," or the suppressed evidence in light of other eividence, not merely the "probative value" of the evidence standing alone.

Petitioner submits a common sense connection exist from the circumstances that should render this [wrongful process], ineffective to protect the rights of the applicant. [Because],,,

"...absent such discovery the defendant's rights under Tex. Code Crim. Proc. Art. 39.14, Art. 1 Sec. 10 of the Texas Constitution, and the U.S. Const. Fourth, fifth, Sixth, and Fourteenth Amend(s). to the United States Constitution are violated to the extent of irreparable injury, and therefore deprived the defendant of a fair trial herein.

Whereas, [Any], imagined advantages for the prosecution/state's non-disclosure of the FBI Reports in Jackson County, (Petitioner's deference in regards to this matter in respect for the wishes or opinion, of others, is extended herein).

Subterfuges: Deceptions, a plan or action that hides your true reasoning for doing it. To suit their own ends: for their own purposes or for their own advancement.

Considering, Crim. Dist. Atty. Bell' and Atty. at Law, Cohen' are both parties of the defendant's subsequent criminal trial proceeding, Ref. (Leon/ Walker, County) CM-11-50.

Whereas, Crim. Dist. Atty. Whitney Smith during the subsequent proceeding, projects his own indecisive and evasive responses, into the reporter's records, which may/can be perceived as an attempt for further non-disclosure, of the FBI profile reports. See: Pg. -128- Vol2.B Pg. 22 Line 17,18,23,24 Pg. 23 Line 8,16 Pg. 24 Line 5-7. (Leon/Walker County) demonstrative records.

Attorney at Law, Alan Cohen' corroboration has once been questioned in Clerk's Record CR_____ of the Jackson County, criminal trial proceedings, W/Crim. Dist. Atty. Bell' as his Employment Statues of Defense Attorney is discussed upon the record at Hearing On Pretrial Motions July 25, 2011 Vol 2 of 35 Volumes. Pg.s 9-13. In any Event,,,

Ref. Reporter's Record Vol 2.C of 23 Vol. CM-11-50 Pretrial Hearing of March 9, 2012. Pg. 9 at Line 6 MR.COHEN: Yes, Your Honor. The State did provide me with the-- with two essential pieces of evidence. One was the FBI profiling report and one was another FBI report, I think was titled violent criminal locations or some effect of that. After utilizing those two reports by the FBI we have -- my doctor and I, we have made a change in the direction of our psychological defense. It's still supports insanity, but I already informed the State that it's a significant change in the direction we are going. I mean, the ultimate bottom line is insanity.

Line 17-25 "***"

Re Creation, Via Typewritter, In Re Chavez, 62 S.W. 3d 225, (Tex. App. Amarillo 2001)

Petitioner submits, in Ake V. Oklahoma, 470 U.S. 68 (1985) it is well established that the purpose of, "the psychiatric examination is for the defendant to have the assistance necessary to prepare an effective defense based on [the defendant's], mental condition w/the preliminary showing that his sanity at the time of the offenses was likely to be a significant factor at trial. In the present case petitioner submits it is an undisputed "fact", that the defendant's plea at bar was/is Not Guilty [Insanity].

Sequence of Events

- Defendant Harris' was diagnosed by Psychologist Walter Quijano, and Colin Ross (Vol 7 Pg. 10-24) (Vol 7 Pg. 29-160) as having a mental condition of (DID) Dissociative Identity Disorder

- The 24th District Court excluded the defendant's expert witnesses testimony in it's entirety on the basis of "reliability", exercising "gate-keeping" Rule 702

- The defendant was subjected to the "Battle Of The Experts, based upon State's witness Robert Christopher Barden's theory that (DID) is junk science and s/not be allowed in a court of law. (Vol 7 162-225)

- Non-disclosure of Brady material, by the State/Prosecution Bell' (1) FBI Profile Report, titled Criminal Investigative Analysis February 26, 2010 (2) FBI Report, titled Crime Analysis Report (ViCap) Violent Criminal Apprehension Program.

- Criminal District Attorney, Robert E. Bell assisted Criminal District Attorney, Whitney T. Smith in a subsequent criminal trial (Leon/Walker County) CM-11-50 APPENDIX V EXHIBIT "E" Attorney at Law, Alan Cohen represented the defendant, at both proceedings.

● Prior to the 278th. Criminal Trial Proceed-
the 24th. District Court issued an "Order" for
all Brady, material to be disclosed by the Pro-
secution. (Vol 2 Pg. 24 11-13) Attorney, Cohen'
is in agreement that said "Order" would be sat-
isfactory to us. (Vol 2 Pg. 24 14) Bell' at
Line 15 "No Problem, Your Honor."

● FBI Profile Reports, were disclosed by the Pro-
secution/State (Leon/Walker) Waiver of Jury Trial
(Vol 2.B Pre-Trial Hearing Pg. 25 13-25)

● Attorney, Cohen' acknowledges that the State did
provide him w/two essential pieces of evidence.
(Vol 2.C Pre-Trial Hearing Pg. 9 7-10)

● The FBI Profile Reports were utilized by Doctor
Gerald Harris, which changed the direction of the
defendant's psychological defense. (Vol 2.C Pre-
Trial Hearing Pg. 9 Line 10-16)

● In the (Leon/Walker) CM-11-50 subsequent
criminal trial proceeding, Gerald E. Harris
Ph.d BCDA-D Clinical Psychologist upon ass-
essment and evaulation, Defendant/Applicant
Harris' was diagonsed w/Paranoid Schizophrnia
Type, Episodic w/Interpisode Residual Symptoms.
(DSM-IV-TR 295-30) See: APPENDIX VII EXHIBIT "G"

*Vol 11 Clinical Psychologist, Gerald E. Harris Ph.d*
*April 13, 2012  Ref. (Diagnosis of Defendant)*

The actual testimony, given by Clinical Psychologist Gerald E. Harris Ph.d

Reporter's Records (Leon/Walker County), April 13, 2012 as follows:

Vol 11 Pg. 128

Line 1-15  "***"

Line 16  But,

17  looking at the reports and other information about him.

Vol 11 Pg. 131

Line 1-16  "***"

Line 17  I believe he's suffering from Paranoid  18  Schizophrenia,

Q.  Would that be considered a major or minor

Line 20  type of illness ?

21  That's a severe mental illness, Yes, Sir.

Re Creation Via Typewritter In Re Chavez, 62 S.W. 3d 225, (Tex. App. Amarillo:
2001)

Petitioner submits, that it is "relevant mitigating evidence", for the fact

finders consideration's that defendant Harris' was diagnosed with Paranoid

Schizophrenia,  Defendant/Applicant Harris has an issue of expert witnesses

uncertainty of mental diagnosis.  Bigby V. Dretke, 402 F.3d 551 (2005)

at 565,  The Court defined relevant mitigating evidence as "evidence which ten-

ds logically to prove or disprove some fact or circumstance which a fact finder

could reasonably deem to have mitigating value."   "...State's [must] allow

sentencers to hear, consider, and give full effect to [all], relevant mitigating

evidence.

ORIGINAL                              [59]                              COPY

### 17-1. Look.

See what you see, not what someone tells you that you see. What you observe is what you observe. Look at things directly, not through any cloud of prejudice, curtain of fear or the interpretation of another.

Instead of arguing with others, get them to look. The most flagrant lies can be punctured, the greatest pretenses can be exposed, the most intricate puzzles can resolve, the most remarkable revelations can occur simply by gently insisting that someone look.

What they find is usually very obvious when they see it.

Source: The Way To Happiness, -handbook-moral code-, based on common sense. By, L. Ron Hubbard

Petitioner, In his own right, on his own w/out conditions, or qualifications, in regards to conditions, (Is Not an Officer of any Court), regarding qualifications, (a lay-man of law, at best).

Petitioner submits for the Courts considerations, "Relevant Mitigating Evidence", which was/is the subsequent Psychiatric Assessment/Evaulation, that diagnosis defendant w/Paranoid Schizophrenia.

As aforementioned Paranoid Schizophrenia, is a severe mental illness. April 13, 2012 Vol 11 Pg. 131 Line 17-21 (Leon/Walker County)

Petitioner sumits, the Applicant's 8th. U.S. Const. Amend)s) were violated [because] the jury was inadequately charged with respect to mitigating evidence. Penry I, 109 S.CT. 2934 ( - )

### Standard of Review

"To Grant relief on a Penry claim, it s/be determined (1) whether the mitigating evidence has met the 'low threshold for relevance'" Tennard V. Dretke, ----U.S.----,124 S.CT. 2562, 2570, 159 L.Ed 2d 384 (2004), and, if so, (2) that the evidence was beyond the effective scope of the jury. Madden V. Collins, 18 F.3d 304, 308 (5th Cir. 1994).

Petitioner submits, in the present case the proffered evidence was beyond the "effective reach of the jurors. Whereas the jury was unable to evaulate [any], of the proffered evidence Ref. diagnosis of Paranoid Schizophrenia, as aforementioned at pg. -137- a [Competent], psychiatric examination is for the defendant to have the necessary assistance to prepare an effective defense based on [the defendant's], mental condition. Ake V. Oklahoma, 470 U.S. 68 (1985). The jury was deprived of the entire purpose of the psychiatric examination, for determination of the defendant's correct/valid mental disorder.

Bigby V. Dretke, 402 F.3d 551 (2005) Jurors [must], be able to fully consider defendant's paranoid schizophrenia.

Eddings V. Oklahoma, 455 U.S. 104,113 "...the State may not by statue preclude the sentencer from considering [any], mitigating factor, neither may the sentencer refuse to consider, as a "matter of law", any relevant mitigating evidence." Id 113-114.

- Prejudice: The defendant was not afforded the opportunity for the trier of fact (Jury) during the course of trial, and at sentencing be given any considerations in regards to any rational 'reasoned moral response'" of mitigating factor, which is the subsequent diagnosed, mental disorder.
  See: APPENDIX VII EXHIBIT "G"

Petitioner submits in regards to wrongful process / wrongful process of law, that the issues of fact, and the issues of law are not inexplicible when considering the applicable questions of law, and fact.

Questions of Fact- The issues of a case that deal w/the facts, or in other words, what actually happened.

Questions of Law- The issue of a case that deal w/what the law means, or how the law is applied or s/be applied to the facts of the case.

Fact Vs. Truth

"...it is a legitimately issued court process, for the 24th Judicial District Court to "Order", the Prosecution/State to observe the Brady, the requirement to produce Brady, information. (Vol 2 Pg. 24 : 11-13)

Crim. Dist. Atty. Bell' stating just prior to the Court's order, " I understand the Brady, requirements and there very specific ". (Vol 2 Pg. 24 : 9-10)

I will represent to the court I don't know of any exculpatory evidence at this point. If I run across any in my files or as I prepare for trial, I will make it availiable, (Vol 2 Pg. 24 : 6-8) "...but I don't want to be ordered under this broad of a deal. (Vol 2 Pg. 24 : 8-9) Ref. Pg. -125-

Petitioner submits, the Reporter's Record's reflect that a Court order was issued, Attorney at Law, Cohen' stating at (Vol 2 Pg. 24 :14) MR. COHEN: "That would be satisfactory to us." MR. BELL: "No problem, Your Honor". (Vol 2 Pg. 24; : 15) In addition, it would be an [1.] "abuse of discretion", for the 24th District Court, failure/not to enforce it's ruling's. In any Event,

The aforementioned sequence of events, at Pg. - **57**- thru -**58** )- and the demonstrative Reporter's Record's herein [Clearly Reflect], a "Conflict of Interest", in regards to the veracity, of this matter.

---

**1.** Aquamarine Operators V. Downer, 689 S.W. 2d 472 (Tex. App. Houston 14 Dist)

"Manufactured Conflict",

Constructive Intent, A legal principle that actual intent will be presumed when an act leading to the result could have been reasonablely expected to cause that result.

Petitioner submits, that the non-disclosure of the Brady, FBI Profile Reports, in Jackson County to be withheld, "...the prosecution has "manufactured a conflict", for the FBI Profile Reports to be discovered in a subsequent trial [out-side-the-record], (Vol 2.C Pre-Trial-Hearing Pg. 9 : 7-10) Then for said Reports to be utilized, by Psychologist Gerald Harris, Ph.d (Vol 2.C Pre-Trial Hearing Pg. 9 : 10-16) an assessment / evaulation, resulting w/diagnosis of Paranoid Schizophrnia (DSM-IV-TR 295-30) APPENDIX VII EXHIBIT "G" Whereas said diagnosis, is inconsistent w/defendant's mental disorder (DID) Dissociative Identity Disorder, of the Jackson County criminal trial proceedings.

The applicable law, being Tex. C.C.P Art. 11.073 See: APPENDIX X EXHIBIT; "J","K", & "L" which would permit the Applicant/Defendant Harris' to lawfully challenge the 'junk-science' theory of State's expert witness Christopher Barden Ph.d w/the prejucicial effect of having defense expert witnesses testimony excluded, regarding (DID) "Battle-of-the Experts". An additional fact, where Judicial Notice, is/has been requested that Trial Counsel Cohen' failed to introduce any relevant/pertinent information that would show reliability and/or peer review articles, as demonstrated in WebMd, See: APPENDIX III EXHIBIT "C" where defendant Harris' would have met the factors/criterior of Art. 11.073 (A), Ref. Pg. -124-

Petitioner submits, that a "significant possibility", exist that the conflict was "manfactured", by the prosecution to "prevent the defendant; from eff-

## ARGUMENTS AND AUTHORITIES

____ -ectivelv havina a colorable claim, for challenging his "original mental disorder", w/regards to post-conviction appellate relief. In other words, Petitioner submits the underlying ulterior motive of this aforementioned manufactured conflict, is a furtive attemp to circumvent the applicable law; Tex. C.C.P Art. 11.073

In regards to the applicable law, Petitioner submits Applicant Harris' qualifies, or meets the criteria/factors of Subsections (1)(A) and (B).

Whereas, Ref Pg. -53- at (2) the court makes the findings described by Subsections (1)(A) and (B) and also finds that, had the scientific evidence been presented at trial, on the preponderance of the evidence the person would not have been convicted.

Petitioner, is expectant rebuttal/opposition, to the above paragraph, stating the present case s/be considered, as a case by case basis, as said law, has just recently became effective, Sept. 1st 2013

Petitioner submits, this as a "Novel Issue", w/the instant case for con-siderations, that it is not so much on the preponderance of the evidence that the person would not be convicted, Petitioner submits and sets-forth the position of the Applicant, as it relates to his mental disorder w/his plea of not guilty by reason of insanity, w/the holdings of Ake V. Oklahoma, where there is a "significant possibility", Applicant/Defendant Harris' could/would have been civil committed, In other words, Petitioner is stating Applicant Harris' s/be allowed to challenge his Judgement and Sentence on the theory of 'Junk Science' and DID Dissociative Identity Disorder, w/Insanity Paranoid Schizophrenia, was never brought to the fact-finders (Jury) considerations for said jury to be able to determine Insanity, on the basis of the subsequent dia-gnosis. Petitioner submits the aforementioned as a novel fact situation likely to recur in future cases.

ORIGINAL                    - [-64-]                    COPY

## ARGUMENTS AND AUTHORITIES

Petitioner submits that due-course-of-law, should permit the Applicant relief, based upon the events of his criminal trial raising an issue of 'Junk Science', with an original assessment/evaulation the mental disorder of DID Dissociative Identity Disorder, Tex. C.C.P Art. 11.073

Petitioner submits to ensure fairness and fairplay, in the Interest of Justice the trial court, s/take into consideration, the significant possibility that this "conflict", was manafactured for the sole purpose to circumvent the applicable law.

Texas Code Of Criminal Procedure- CHAPTER 52 COURT OF INQUIRY Whereas, Tex. C.C.P Art. 52.1(d) Courts of Inquiry conducted by district judges sets-forth such provisions and guidelines, Art. 52.01 thru 52.09 as applicable.

### CONCLUSION
### (PROSECUTORIAL MISCONDUCT, ABUSE OF DISCRETION, UNDER COLOR OF (STATE) LAW)

Petitioner submits, the purpose of a Court of Inquiry, would be to determine veracity of the Brady, issues to resolve an apparent conflict of authority, as demonstrated by and thur the Reporter's Record's herein.

Petitioner submits, that the possibility may/can exist that the 83rd. Leg. (S.B. 344) (West 2014) could/should have considered 'junk-science' theory w/provisions for insanity. In otherwords whether said Leg. failed to consider may be a Question of law, when considering the facts of this case.

In any event, Petitioner submits the legal issue in the Interest of Justice is important to the jurisprudence of Texas.

Also that, "....this case may/can develope a substantial body of criticism and commentary".

"Live," Evidentiary Hearing Requested   See : Ex Parte Williams, 630 S.W. 2d 803 (1982) Also See: Thompson V. State, 9 S.W. 3d 808 (1999)

## CERTIFICATE OF SERVICE

I, Billy Joe Harris, No. 01740160 certify that I have sent a true and correct copy, an "original" Applicant's Pro-Se Motion For Leave To File Request To Exceed The Prescribed Page Limits, via U.S. Mail postage pre-paid to the following parties:

* Abel Acosta, Clerk
Court of Criminal Appeals of Texas
P.O. BOX 12308
Capitol Station
Austin, Texas  78711

Applicant,
Billy Joe Harris, # 01740160
Wynne Unit

* Court of Criminal Appeals of Texas
Abel Acosta, Clerk 1/27/2015

Sharon Mathis, Clerk
24th Judicial District Court
Jackson County Courthouse
115 W. Main St. Rm. 101
Edna, Texas  77957

*Service/file-mark copy provided
to Court of Criminal Appeals,
Clerk, provided by 24th Dist.Clk.

DATED ON THIS THE 15, DAY OF January, 2015

*DATED ON THIS THE 27 DAY OF January, 2015

Ref. The foregoing sent to the Court of Criminal
Appeals of Texas, requesting attatchment /
w/ file mark accordingly.

Billy Joe Harris, #/01740160                Pro-Se
Wynne Unit
810 F.M. 2821
Huntsville, Texas
77349

C. (C.O.C.A. Clk. Acosta'         * service/by 24th dist.clk
C. 24th Dist. Clk. Mathis'
C. Applicant Harris'
[Enclosures as Stated]

ORIGINAL                        -6-                        COPY
                            (CERT. OF SERV.)